## HOWARD RIECK, PLAINTIFF, v. THOMAS EWING AND EDNA EWING, DEFENDANTS.

Submitted October term, 1929—Decided May 27, 1930.

Before Justices TRENCHARD, LLOYD and CASE.

For the rule, *Carr & Carroll.*

*Contra, LeRoy W. Loder.*

PER CURIAM.

This matter comes before the court on a rule allowed the defendants requiring the plaintiff to show cause why the

verdict of $15,000 entered against them at the Cumberland Circuit should not be set aside and a new trial granted.

The defendants are husband and wife. The former was the owner of a car in which he was also a passenger and which was being driven by the latter when it mounted the curb and struck and broke off an awning pole. The pole in falling struck the plaintiff and the damages grew out of that accident. The injury at first appeared to be slight, consisting of an abrasion upon the nose from which a little blood exuded, but the plaintiff suffered later distress, had medical and surgical attention and had money losses.

The reasons, as filed by the defendants, are four in number, namely, that the verdict was against the weight of the evidence, that the damages are excessive, that the verdict was contrary to the charge of the court, and that the jury disregarded the charge of the court. The main contention, however, is that the damages are grossly excessive and that in amount they are against the weight of the evidence.

We are satisfied that there was evidence to sustain a finding of liability against the defendants. No argument is presented to us upon the proposition that the verdict was contrary to the charge. of the court or that the jury disregarded the charge.

An examination of the testimony discloses that the disbursements for medical and hospital bills amounted to $653.61. There is further testimony from which it might be inferred that plaintiff suffered a prorated loss of approximately $1,387 in the employment of additional help to do the work which he, because of his disability, was not able to perform. The money losses thus put in evidence, if given their face value, are slightly over $2,000.

Our examination of the testimony leads us to the conclusion that the verdict of $15,000 was excessive and that a verdict of $7,500 would have been ample. If the plaintiff will remit the excess of damages over $7,500, the rule will be discharged; if not, the verdict will be set aside and a new trial awarded.